HILL, Circuit Judge,
specially concurring:
I concur in this exercise of futility with the following remarks.
The Solicitor General of the United States did not counsel the Supreme Court that certiorari be granted and that the conviction and sentence be affirmed. Nor did the Solicitor General counsel reversal.
The Solicitor General took a third approach.
Something may be wrong with the proceeding. Perhaps the Court will instruct this court to reconsider its long-standing rule, binding on this panel, that failure to object in the district court to a ruling made by a magistrate judge deprives the appellate court of jurisdiction to review that ruling.
The Supreme Court has done so. It has granted certiorari, vacated our judgment, and remanded the case for this court to reconsider the rule that an objection to the ruling of the magistrate judge must be made in the district court in order for appellate jurisdiction to obtain.
The remand is to this court, not one of its panels. I take it that the Solicitor General and the Supreme Court acknowledge that one of our court’s panels cannot overturn a prior panel’s holding. Neither can it overturn a holding of a panel of the former Fifth Circuit Court of Appeals before its division and the creation of the Eleventh Circuit.[1]
I trust that the full court will give the issue the reconsideration which the Supreme Court is entitled to expect of us. But, in senior status, I cannot move that it be done. Perhaps one of the parties or an active judge will make that motion.

. The first case decided by this court so held. Bonner v. City of Prichard, Ala., 661 F.2d 1206 (11th Cir.1981)(en banc). That case has received wide circulation; our rule of stare deci-sis is not concealed.